UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MANUEL MATTOS,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.
------------------------------------------------------------x

MEMORANDUM & ORDER

91-CR-1005-ILG-2

GLASSER, Senior United States District Judge:

Petitioner Manuel Mattos was convicted in 1991 of extortion, conspiracy to commit extortion, and using a firearm in a crime of violence. (ECF No. 47). Mattos now moves pro se under 28 U.S.C. § 2255(b) to vacate the firearm conviction. (ECF No. 103). He argues that conspiracy to commit extortion is not a "crime of violence," in light of the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). (Pet'r Reply 1).

For the reasons stated below, the motion is DENIED.[1]

## BACKGROUND

On August 18, 1991, Mattos and his co-conspirators kidnapped one Yamil Ambra. They held him captive in a Queens apartment while demanding a $400,000 ransom from his brother, a drug dealer. (*See* ECF Nos. 124-1, 124-2). At trial, the victim testified that his kidnappers displayed firearms in the apartment and threatened to kill him if the ransom deadline was not met. (ECF No. 124-3 at 33–34, 49, 73–74, 87). Fortunately, the FBI rescued Ambra before that deadline expired. (*Id.* at 44). Mattos was carrying a gun when he was arrested. (ECF No. 124-4 at 8).

---

[1] Mattos also moved under 28 U.S.C. § 1651 on identical grounds, out of an abundance of caution. (ECF No. 102). However, in his reply memorandum, he agrees with the government that § 2255 is the proper vehicle for his motion. (Pet'r Reply 1). The § 1651 motion is therefore denied.

1

Following trial, Mattos was convicted in this Court of: (1) conspiracy to commit extortion in violation of 18 U.S.C. § 371 ("Count One"); (2) extortion in violation of 18 U.S.C. § 875(b) ("Count Two"); and (3) use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) ("Count Three").[2] (ECF No. 47). He remains incarcerated on the sentence imposed by this Court.[3] (ECF No. 124-5). Mattos now moves under 28 U.S.C. § 2255 to vacate his Count Three conviction. (ECF No. 103).

## LEGAL STANDARD

A federal prisoner may seek correction of a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Court must promptly hold a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Section 2255 motions filed by incarcerated pro se litigants are construed liberally as to the form and content of pleadings. *See Chang v. United States,* 250 F.3d 79, 86 n.2 (2d Cir. 2001).

---

[2] A fourth count, possession of a firearm by an illegal alien in violation of 18 U.S.C. § 922(g)(5), was dismissed as to Mattos. (ECF No. 31).

[3] This Court imposed a sentence of 63 months incarceration on Counts One and Two, five years on Count Three, and three years of supervised release and special assessments. (ECF No. 124-2 at 3). The five-year term was to run consecutively to the 63-month term. (*Id.*). On April 23, 1999, Mattos was sentenced in the Southern District of Florida on a separate charge of use of interstate commerce facilities in the commission of murder for hire, in violation of 18 U.S.C. § 1958. (ECF No. 124-7; Gov't Resp. 3). The aggregate term of the New York and Florida sentences is 43 years, 2 months and 25 days, and is set to expire, including time for good behavior, on May 28, 2029. (ECF No. 124-8 at 14). "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584.

Section 2255 is subject to a one-year limitation period, which runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

## DISCUSSION

Mattos was convicted, *inter alia*, of using of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). "Crime of violence" is defined as "an offense that is a felony and—(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). These two subparts are known respectively as the "elements clause" and the "residual clause."

In *United States v. Davis*, the Supreme Court struck down the residual clause as unconstitutionally vague.[4] 139 S. Ct. at 2324. Thereafter, the Second Circuit held on remand that, in light of *Davis*, conspiracy to commit a crime of violence is not itself a crime of violence under the elements clause. *United States v. Barrett*, 937 F.3d 126, 129 (2d Cir. 2019). Accordingly, conspiracy to commit extortion cannot function as the "crime of violence" in Mattos's § 924(c) conviction.

---

[4] Central to the Supreme Court's holding was its reliance on a "categorical approach" to § 924(c)(3). The categorical approach requires a judge to disregard the defendant's actual conduct, and instead consider whether a hypothetical "ordinary case" of the offense fits the definition of a crime of violence. *Davis*, 139 S. Ct. 2319 (2019). *Davis* followed in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which struck down nearly identical residual clauses on the same vagueness grounds, relying on the same categorical approach.

Mattos argues that "since the jury in petitioner's case was never instructed which count his §924(c) [conviction] was attached to, it has to be assumed under the Rule of Lenity that it was attached to the . . . conspiracy count, and is therefore invalid." (Pet'r Reply 2). This is a mischaracterization of the record. In instructing the jury, this Court clearly identified the substantive extortion charge in Count Two as the "crime of violence" attached to Count Three:

> I charge you that extortion is a crime of violence within the meaning of [18 U.S.C. § 924(c)]. The essence of the charge in Count Three is that the defendants carried guns in violation of the law while, as the government contends, they committed a crime of violence, namely, extortion. That being so, I instruct you that since Count Three charges the Defendants with unlawfully carrying guns during the commission of the extortion in Count Two, you can consider Count Three only if you find that the Defendants committed the [extortion] charged in Count Two.

(Trial Tr. 259). Determined to impress this point upon the jury, the Court reiterated that "as a matter of law . . . extortion is a crime of violence." (*Id.* at 260). Accordingly, Mattos may not dispute that his § 924(c) conviction was predicated upon the extortion count.

Mattos also argues that the extortion offense described in Count Two is not a crime of violence under the elements clause. He states, in conclusory fashion, that "the most innocent way to commit a crime under [18 U.S.C. § 875(b)] can be nonviolent[.]"[5] (Pet'r Reply 3). This reading of the statute is misplaced. As set forth in the Superseding Indictment, Count Two charges that:

> [Manuel Mattos], with the intent to extort money and something of value from a person, did knowingly and wilfully transmit in interstate commerce communications, to wit, telephone calls from Queens, New York to Florida, containing threats to harm or injure the person of Yamil Ambra . . . [in violation of] Title 18, United States Code, Sections 875(b), 2 and 3551 *et. seq.*

---

[5] Mattos appears to be employing the categorical approach to § 924(c)(3), as required by *Davis*. But he offers no elaboration beyond this vague assertion. Furthermore, the categorical approach requires that the judge consider "an idealized ordinary case of the crime," *see Davis*, 139 S. Ct. at 2319, not "the most innocent way to commit" that crime. (*See* Pet'r Reply 3).

(ECF No. 124-1 at 3). This language mirrors the underlying statute, 18 U.S.C. § 875(b), which criminalizes the "intent to extort from any person, firm, association, or corporation, any money or other thing of value, [by transmission] in interstate or foreign commerce of any communication containing any threat to kidnap any person or any threat to injure the person of another." 18 U.S.C. § 875(b). The Second Circuit has found that similarly worded offenses fall within the scope of the elements clause. For instance, the Hobbs Act's prohibition on "threatened or committed physical violence to another's person or property," falls "plainly" within the scope of the elements clause. *United States v. Dervishaj*, 2019 WL 4463512, at *2 (2d Cir. 2019). That language is functionally identical to 18 U.S.C. § 875(b)'s "threat to injure the person of another." The offense described in Count Two of the Superseding Indictment therefore satisfies the elements clause.

## CONCLUSION

Accordingly, the § 2255 motion is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
June 4, 2020

/s/
I. Leo Glasser                                    U.S.D.J.